| | | |
|---|---|---|
| NIKITA BROWN<br>9601 Tam O Shanter Drive<br>Upper Marlboro, MD 20772 | * | IN THE |
| | * | CIRCUIT COURT |
| and | * | FOR |
| BRET BROWN<br>9601 Tam O Shanter Drive<br>Upper Marlboro, MD 20772 | * | PRINCE GEORGE'S COUNTY |
| | * | CASE NO.: |
| Plaintiffs | * | |
| vs. | * | |
| MACY'S, INC.<br>MACY'S CORPORATE SERVICES, INC.<br>7 W. Seventh Street<br>Cincinnati, OH 45202 | * | |
| SERVE ON: RESIDENT AGENT:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * | |
| and | * | |
| M.A.C. COSMETICS, INC.<br>7 Corporate Center Drive<br>Melville, NY 11747 | * | |
| SERVE ON: RESIDENT AGENT:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * | |
| and | * | |
| ESTEE LAUDER, INC.<br>7 Corporate Center Drive<br>Melville, NY 11747 | * | |

1

SERVE ON: RESIDENT AGENT     *
CORPORATION SERVICE COMPANY
80 State Street     *
Albany, NY 12207-2543

    *

and

    *

ESTEE LAUDER COSMETICS, LTD.
767 Fifth Avenue     *
New York, NY 10022

    *

SERVE ON: RESIDENT AGENT
UNITED STATES CORP. CO.     *
60 Wall Street
New York, NY 10005     *

and     *

ESTEE LAUDER INTERNATIONAL, INC.
7 Corporate Center Drive     *
Melville, NY 11714

SERVE ON: RESIDENT AGENT     *
CORPORATION SERVICE COMPANY
4 Central Avenue     *
Albany, NY 12210

and     *

Unknown Defendant     *
Sales Representative ID #71496424
c/o M.A.C. COSMETICS, INC.     *
7 Corporate Center Drive
Melville, NY 11747     *

SERVE ON: RESIDENT AGENT:     *
CSC-LAWYERS INCORPORATING
SERVICE COMPANY     *
7 St. Paul Street, Suite 1660
Baltimore, MD 21202     *

         Defendants     *

       *    *    *    *    *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Nikita Brown and Bret Brown, by Richard L. Gershberg and Gershberg & Associates, LLC, their attorneys, sue Macy's Corporate Services, Inc., d/b/a Macy's, Inc., M.A.C. Cosmetics, Inc., Estee Lauder, Inc., Estee Lauder Cosmetics, Ltd., Estee Lauder International, Inc. and Unknown Defendant, Sales Representative ID #71496424, and in support thereof state:

## FACTS COMMON TO ALL COUNTS

1. Plaintiffs, Nikita Brown (hereinafter referred to as "N. Brown" or "Plaintiff") and Bret Brown (hereinafter referred to as "B. Brown" or "Plaintiff") are residents of Prince George's County, Maryland.

2. Defendant Macy's Corporate Services, Inc., d/b/a Macy's, Inc., (hereinafter referred to as "Macy's") is a corporation whose principal place of business is in Ohio and conducts business throughout the State of Maryland.

3. Defendant M.A.C. Cosmetics (hereinafter referred as "M.A.C.") is a corporation whose principal place of business is in New York and a subsidiary of Estee Lauder. M.A.C. conducts business throughout the State of Maryland.

4. Defendants Estee Lauder, Inc., Estee Lauder Cosmetics, Ltd., and Estee Lauder International, Inc. (hereinafter collectively referred to as "Estee Lauder.") are the parent corporations of M.A.C., whose principal places of business are New York and conduct business throughout the State of Maryland.

5. Defendant Unknown Sales Representative ID #71496424 (hereinafter referred to as the "Sales Representative" or "Unknown Defendant") was employed by M.A.C. Cosmetics, which conducted business at Macy's in St. Charles Town Center, Waldorf, Maryland.

3

6. At all times hereinafter Defendants M.A.C. and Estee Lauder, manufacture, promote, and sell various cosmetic products, including but not limited to lipsticks. At all times hereafter Macy's serves as a merchant and operates a general department store.

7. That jurisdiction is proper in Prince George's County, Maryland in that all the Defendants conduct business in Prince George's County, Maryland.

## FACTS COMMON TO ALL COUNTS

8. On July 20, 2011, at approximately 7:20 p.m., Plaintiff N. Brown went to the M.A.C. cosmetic counter at Macy's at St. Charles Town Center in order to select M.A.C. eye makeup and a lipstick for a special event she was planning to attend. Plaintiff N. Brown communicated to the Sales Representative that she wanted to "bring her eyes out" and get a natural shade of lipstick or a "calming red shade."

9. The Sales Representative began with applying eye makeup and continued with applying makeup to Plaintiff's face. The Sales Representative then applied a natural shade of lipstick to Plaintiff N. Brown's lips using an applicator, first lining her lips with a pencil. Plaintiff N. Brown decided to try a shade of calming red lipstick, which the Sales Representative applied with an applicator overtop of the natural shade, which did not show through on her lips. Within seconds and without any warning, the Sales Representative immediately applied the lipstick directly from a different lipstick container without using an applicator, without giving Plaintiff N. Brown a chance to object to this further application. Plaintiff N. Brown immediately noticed that the lipstick the Sales Representative had used on her lips was not a new lipstick but had been previously used.

10. The next day, on or about July 21, 2011, at approximately 8:30 in the

evening Plaintiff N. Brown noticed her lips getting bigger and bigger with bumps appearing and increasing in size. Never having experienced these symptoms around her mouth and lips at any time before, she sought treatment at Patient First and was seen by Dr. Francis J. Kelleher, Sr., who had Plaintiff N. Brown tested and was diagnosed with Herpes Simplex, which is a permanent, recurring condition resulting in cold sores, swollen lips and painful visible deformity. The lab tests later confirmed said diagnosis. At no time before this had Plaintiff N. Brown or her husband ever had Herpes Simplex.

## COUNT I – NEGLIGENCE
### (N. Brown v. Macy's)

11. Plaintiff, N. Brown, sues Macy's in this first, separate and distinct cause of action and repeats, realleges and incorporates herein each of the relevant allegations of paragraphs 1 through 10 hereof as if fully set forth herein.

12. That Defendant Macy's had a duty to ensure its customers that its representatives and its vendor companies and their representatives, as business licensees contracted to use Defendant's cosmetic counters, to sell and promote their products properly and safely, and adhere to the professional standards of hygiene, sterilization and other health code regulations when products are offered to Defendant Macy's customers as invitees of the store.

13. That Defendant Macy's had a duty to confirm that anyone working its counters was properly trained in the application of makeup and lipsticks, or in the alternative to train any such person working its counters; and to make sure that any products applied to a customer are safe and proper products.

14. That Defendant Macy's breached said duty by allowing Unknown Defendant, known as Sales Representative ID#71496424 to work its counters; and apply a product to Plaintiff that was not safe.

15. That as a direct and proximate result of Defendant Macy's breach of its duty of reasonable care, in permitting business licensees to conduct the application of cosmetics to its customers without a clean and sterile process in a proper environment, N. Brown was caused to sustain and suffer serious illness, damage, injury and disease, causing her permanent physical pain and suffering, without any action on her part thereunto contributing.

WHEREFORE, Plaintiff N. Brown, demands judgment against Defendant Macy's and claims damages in the sum of One Million Dollars ($1,000,000.00), plus costs of this action.

### COUNT II – NEGLIGENCE
### (N. Brown v. M.A.C.)

16. Plaintiff, N. Brown, sues M.A.C. in this second, separate and distinct cause of action and repeats, realleges and incorporates herein each of the relevant allegations of paragraphs 1 through 15 hereof as if fully set forth herein.

17. That Defendant M.A.C. had a duty to train its employees generally and specifically, Unknown Defendant, known only as Sales Representative ID#71496424 ("Unknown Defendant") in all aspects of proper techniques to be used applying its products to customers including, but not limited to hygiene, sterilization, and the use of sterilization chemicals to ensure the safety of all customers when applying *inter alia* makeup and lipstick; and a duty to apply products to customers that are safe.

18. That Defendant M.A.C.'s failure to properly train its Sales Representative, Unknown Defendant in proper hygiene techniques, and allow Unknown Defendant to improperly apply a used lipstick to Plaintiff, N. Brown, constituted a breach of its duties.

19. That as a direct and proximate result of Defendant M.A.C.'s breach of its duty of care owed to Plaintiff N. Brown, its Sales Representative applied a previously used

lipstick onto Plaintiff N. Brown's lips without using proper sterilization procedures and Plaintiff N. Brown was caused to contract herpes simplex from said application.

20. That Defendant M.A.C. and Unknown Defendant knew, or should have known, that by failing to use a fresh disposable sample, separate lipstick, or separate swab for each customer, it was unsanitary to apply a lipstick and likely to expose a customer to the spread of disease.

21. That as a direct and proximate result of Defendant M.A.C.'s negligence Plaintiff N. Brown has suffered physical and mental pain, embarrassment, humiliation, and permanent lifestyle changes without any action on her part thereunto contributing.

WHEREFORE, Plaintiff N. Brown, demands judgment against Defendant M.A.C. and claims damages in the sum of One Million Dollars ($1,000,000.00), plus costs of this action.

### COUNT III – NEGLIGENCE
(N. Brown v. Estee Lauder)

22. Plaintiff, N. Brown, sues Estee Lauder in this third, separate and distinct cause of action and repeats, realleges and incorporates herein each of the relevant allegations of paragraphs 1 through 21 hereof as if fully set forth herein.

23. That Defendant Estee Lauder had a duty to train its employees generally and specifically, Unknown Defendant, known only as Sales Representative ID#71496424 ("Unknown Defendant") in all aspects of proper techniques to be used applying its products to customers including, but not limited to hygiene, sterilization, and the use of sterilization chemicals to ensure the safety of all customers when applying *inter alia* makeup and lipstick; and a duty to apply products to customers that are safe.

24. That Defendant Estee Lauder's failure to properly train its Sales

Representative, Unknown Defendant in proper hygiene techniques, and allow Unknown Defendant to improperly apply a used lipstick to Plaintiff, N. Brown, constituted a breach of its duties.

25. That Defendant Estee Lauder failed to train its M.A.C. employees in all aspects of proper techniques in applying its products to customers including, but not limited to hygiene, sterilization, and the use of sterilization chemicals to ensure the safety of all customers.

26. That Defendant Estee Lauder's M.A.C. Sales Representative should have known not to apply previously used lipstick onto Plaintiff N. Brown's lips without using proper sterilization procedures.

27. That as a direct and proximate result of Defendant Estee Lauder's failure to properly train its M.A.C. Sales Representatives in proper hygiene techniques, Unknown Defendant failed to apply proper sterilization procedures and Plaintiff N. Brown was caused to contract herpes simplex from the application of lipstick applied to her lips from a lipstick container previously used.

28. That as a direct and proximate result of Defendant Estee Lauder's negligence, Plaintiff N. Brown has suffered physical pain, embarrassment, humiliation, and permanent lifestyle changes without any action on her part thereunto contributing.

WHEREFORE, Plaintiff N. Brown, demands judgment against Defendant Estee Lauder. and claims damages in the sum of One Million Dollars ($1,000,000.00), plus costs of this action.

**COUNT IV – NEGLIGENCE**
(N. Brown v. Unknown Defendant Sales Representative ID #71496424 and M.A.C.)

29. Plaintiff, N. Brown, sues Defendants Sales Representative ID #71496424 and M.A.C. in this fourth, separate and distinct cause of action and repeats, realleges and

incorporates herein each of the relevant allegations of paragraphs 1 through 28 hereof as if fully set forth herein.

30. That Defendant Sales Representative had a duty to use proper techniques in applying products to Plaintiff N. Brown, including but not limited to hygiene, sterilization, and the use of sterilization chemicals to ensure the safety of all customers when applying *inter alia* makeup and lipstick; and a duty to apply products to customers that are safe.

31. That Defendant Sales Representative failed to use proper techniques in applying products to Plaintiff N. Brown, including, but not limited to hygiene, sterilization, and the use of sterilization chemicals to ensure the safety of not spreading disease and without regard for the safety of the Plaintiff.

32. That Defendant Sales Representative breached her duty of care owed to Plaintiff N. Brown knowingly by the application of a previously used lipstick onto Plaintiff N. Brown's lips.

33. That Defendant M.A.C. had a duty to train its employees generally and specifically, Unknown Defendant, known only as Sales Representative ID#71496424 ("Unknown Defendant") in all aspects of proper techniques to be used applying its products to customers including, but not limited to hygiene, sterilization, and the use of sterilization chemicals to ensure the safety of all customers when applying *inter alia* makeup and lipstick; and a duty to apply products to customers that are safe.

34. That as a direct and proximate result of Defendant Sale Representative's negligent application in applying the lipstick without using an applicator or new lipstick, Plaintiff N. Brown was caused to contract herpes simplex.

35. That as a direct and proximate result of Defendant Sales Representative's

negligence Plaintiff N. Brown has suffered physical pain, embarrassment, humiliation, and permanent lifestyle changes without any action on her part hereunto contributing.

36. That Defendant Sales Representative is the agent, servant and employee of Defendant M.A.C. and therefore Defendant M.A.C. is responsible for the negligent actions of Defendant Sales Representative.

WHEREFORE, Plaintiff N. Brown, demands judgment against Defendant Sales Representative ID#71496424 and M.A.C. and claims damages in the sum of One Million Dollars ($1,000,000.00), plus costs of this action.

### COUNT V – BREACH OF WARRANTY OF MERCHANTABILITY
(N. Brown v. Macy's, M.A.C. and Estee Lauder)

37. Plaintiff, N. Brown, sues Defendants Macy's, M.A.C., and Estee Lauder in this fifth, separate and distinct cause of action and repeats, realleges and incorporates herein each of the relevant allegations of paragraphs 1 through 36 hereof as if fully set forth herein.

38. Defendants are "merchants" as that term is defined in the Annotated Code of Maryland, Commercial Law Article (hereinafter referred to as the "Uniform Commercial Code" or the "Code").

39. That according to the Code, said Defendants warranted the products which were supplied to the Plaintiff as being of merchantable quality and fit for the purpose intended.

40. That such products are intended to enhance a persons look and mental outlook, not injure them.

41. That the lipstick applied without warning to the Plaintiff, N. Brown, was not of merchantable quality and not fit for the purpose intended as it made her ill by passing on the Herpes Simplex virus to her.

42. That said Defendants represented that the lipstick was designed,

manufactured and distributed as warranted and with professional application by its representatives was fit for the purpose intended when in fact the lipstick was not fit for the purpose intended, and was hazardous as aforesaid and caused the Plaintiff to be injured as aforesaid.

43. That said Defendants' warranty misrepresented the safety of the lipstick.

44. That by virtue of the actions of the Defendants, Macy's, M.A.C. and Estee Lauder, said Defendants breached warranties of the Code which caused the Plaintiff to suffer severe and permanent personal injuries as set forth above.

WHEREFORE, Plaintiff N. Brown, demands judgment against Defendants, Macy's, M.A.C., and Estee Lauder in the sum of One Million ($1,000,000.00), plus costs of this action.

### COUNT VI – LOSS OF CONSORTIUM

45. Plaintiffs, N. Brown and B. Brown, hereby sue all Defendants in this sixth, separate and distinct cause of action and repeat, reallege and incorporate herein each of the relevant allegations of paragraphs 1 through 44 hereof as if fully set forth herein.

46. Plaintiffs were married on January 24, 1986. At the time of the incident, July 20, 2011, to the present, the Plaintiffs remain husband and wife and continue to live and cohabitate together as such.

47. That prior to the incident described herein causing the Plaintiff, N. Brown, to contract and suffer from the Herpes Simplex virus, the Plaintiffs performed usual activities of a husband and wife involving their lips, including but not limited to kissing and other activities as part of their marital love, and affection.

48. That as a result of the incident of July 20, 2011, the Plaintiff, B. Brown,

has not kissed nor been as affectionate with the Plaintiff, N. Brown, as he was prior thereto not wanting to contract the Herpes Simplex virus from his wife.

49. That this limitation in activities has affected considerably the marriage of the Plaintiffs.

50. That the Defendants' negligence as aforesaid is the sole and proximate cause of the Plaintiffs to each suffer a loss of consortium for which they jointly make this claim.

WHEREFORE, Plaintiffs, N. Brown and B. Brown, demand judgment against all Defendants, Macy's, M.A.C., Estee Lauder and Unknown Defendant in the sum of One Hundred Thousand Dollars ($100,000.00), plus attorney's fees, court costs, interest and such other relief as the nature of their cause may require.

*[signature]*

Richard L. Gershberg
Gershberg & Associates, LLC
11419 Cronridge Drive, Suite 7
Owings Mills, Maryland 21117
410-654-3850
Attorneys for Plaintiffs

f:\s ll active files\a-b-c\brown, nikita.01 v macy's\court documents\complaint 05.doc

| | | |
|---|---|---|
| NIKITA BROWN, et ux. | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| vs. | * | FOR |
| MACY'S, INC., et al. | * | PRINCE GEORGE'S COUNTY |
| Defendants | * | CASE NO.: |

\* \* \* \* \*

### ELECTION FOR JURY TRIAL

Plaintiffs, Nikita Brown and Bret Brown, by their attorneys, Richard L. Gershberg and Gershberg & Associates, LLC, elect to have a trial by jury.

*[signature]*

Richard L. Gershberg
Gershberg & Associates, LLC
11419 Cronridge Drive, Suite 7
Owings Mills, Maryland 21117
410-654-3850
Attorneys for Plaintiffs